


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**ARKADIY KHAIMOV,**
    Petitioner,

v.

Case No. 20-CR-00267-001
20-CR-00530-AMD-2

**WARDEN, FCI OTISVILLE,**
    Respondent.

---

### PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

---

### I. INTRODUCTION AND JURISDICTION

Petitioner Arkadiy Khaimov, Register Number 92361-053, is currently confined at the Federal Correctional Institution Otisville, in Otisville, New York. He respectfully files this petition pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' (BOP) failure to award him First Step Act (FSA) earned time credits for the entire period of his post-sentencing incarceration, including the time he spent in official BOP custody at the Metropolitan Detention Center (MDC) Brooklyn prior to his transfer to his designated facility.

This Court has jurisdiction under 28 U.S.C. § 2241 because Mr. Khaimov is challenging the execution of his sentence rather than the validity of his conviction. The petition is properly filed in the Southern District of New York, the district where he is currently confined. See *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

---

### II. FACTUAL BACKGROUND

On December 21, 2020, Petitioner Arkadiy Khaimov was arrested on federal charges and ordered detained pending trial in the United States District Court for the Eastern District of New York. From that date forward, Petitioner remained in continuous custody of the Federal Bureau of Prisons (BOP) at the Metropolitan Detention Center (MDC) Brooklyn, a secure federal detention facility operated by the BOP.

While confined at MDC Brooklyn, Petitioner was under the full custody, care, and control of the BOP and had access to BOP-administered programming, work assignments, and activities that are eligible for earned time credit under the First Step Act (FSA), 18 U.S.C. § 3632(d)(4). Petitioner remained at MDC Brooklyn for more than three years, including during the pendency of his criminal proceedings, without interruption or transfer to any non-BOP facility.

On April 3, 2024, the Honorable Ann M. Donnelly, United States District Judge for the Eastern District of New York, sentenced Petitioner to seventy-two (72) months of imprisonment for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), concurrent with a fifty-one (51) month sentence imposed in a related case (Case No. 20-cr-267, E.D.N.Y.). The Judgment recommended designation to FCI Otisville.

Despite Petitioner's continuous presence in BOP custody from December 21, 2020 forward, the BOP has refused to award FSA earned time credits for the period he was confined at MDC Brooklyn before his transfer to his designated facility. Instead, the BOP has limited his FSA credit accrual to dates following his arrival at FCI Otisville, thereby excluding over three years of otherwise eligible custody time in a BOP facility.

### III. STATUTORY AND LEGAL FRAMEWORK

The First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194, was enacted to expand rehabilitative opportunities in federal prisons and to provide earlier release for individuals who successfully complete evidence-based recidivism reduction programs and productive activities.

### A. Earned Time Credits Under 18 U.S.C. § 3632(d)(4)

Section 3632(d)(4)(A) directs that an eligible prisoner "shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities," and "an additional 5 days of time credits for every 30 days" for prisoners determined to be at a minimum or low risk of recidivism who have maintained that risk level.

The statute does not limit the earning of FSA credits to inmates housed in post-designation facilities; instead, it applies to any "prisoner" in the custody of the Bureau of Prisons, without distinction between pretrial, pre-designation, or post-designation placement.

### B. Application of Credits to Advance Release Date

Under § 3624(g), once a prisoner has earned sufficient time credits, the BOP "shall transfer the prisoner to prerelease custody" or supervised release, subject to eligibility requirements. The statute's plain text is mandatory ("shall"), not discretionary, when the requirements are met.

### C. BOP Policy Conflicts With Statute

BOP Program Statement 5410.01 and related policy guidance have, in practice, restricted the accrual of FSA credits for certain categories of inmates, including those housed at Metropolitan Detention Centers (MDCs) and other detention facilities prior to transfer to a designated facility. This categorical exclusion conflicts with the statutory text, which makes no such distinction, and is inconsistent with congressional intent to incentivize participation in rehabilitative programming from the outset of BOP custody.

### D. Case Law Supporting Credit for All Time in BOP Custody

Federal courts have recognized that the FSA requires credits to be applied for all qualifying programming completed in BOP custody, regardless of facility designation. See, e.g.:

- *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008) (BOP's interpretation of sentence credit statutes is subject to judicial review and must conform to statutory text and congressional intent).

- *Hare v. Ortiz*, No. 1:20-cv-14093, 2021 WL 391280 (D.N.J. Feb. 4, 2021) (credit applies when inmate participates in qualifying activities in BOP custody).

- *Goodman v. Ortiz*, No. 1:20-cv-7582, 2021 WL 1085744 (D.N.J. Mar. 22, 2021) (BOP must apply credits where statutory requirements are met).

- *Sharma v. Peters*, No. 2:24-cv-00158, 2024 WL 140089 (M.D. Ala. Jan. 12, 2024) (rejecting BOP's restrictive interpretation of FSA eligibility where statutory text supported inmate's claim).

- *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213 (D.N.H. 2023) (holding that time in pre-designation BOP custody is eligible for FSA credits when qualifying activities are completed).

These authorities support the proposition that Petitioner's continuous confinement at MDC Brooklyn — a BOP facility — qualifies for FSA credit accrual from his first day in BOP custody, provided he participated in qualifying programs or work assignments.

## IV. ARGUMENT

### A. Time Spent in MDC Brooklyn Constitutes "Official Detention" in BOP Custody

Petitioner has been in uninterrupted federal custody since December 21, 2020, housed at MDC Brooklyn — a secure facility operated and controlled by the Bureau of Prisons. The FSA's statutory text applies to "prisoners" in the custody of the BOP. 18 U.S.C. § 3632(d)(4)(A). There is no statutory basis for distinguishing between prisoners in pre-designation BOP facilities and those in designated institutions. As such, Petitioner's MDC time is "official detention" that qualifies for earned time credit accrual.

### B. BOP's Categorical Exclusion Conflicts With Statutory Language and Congressional Intent

BOP policy guidance, as applied in Petitioner's case, excludes earned time credit for prisoners housed in MDCs prior to transfer to designated facilities. This exclusion is not found in the statute and undermines the purpose of the FSA, which is to incentivize participation in recidivism reduction programs from the earliest stages of BOP custody. Congress enacted the FSA to "control corrections spending, manage the prison population, and reduce recidivism" by offering tangible sentence reductions to those who participate in programming. S. Rep. No. 115-138, at 3–5 (2018).

### C. Petitioner Participated in Qualifying Programming and Work Assignments While at MDC Brooklyn

During his confinement at MDC Brooklyn, Petitioner was assigned to and successfully participated in programming and work activities made available by the BOP, which qualify under 18 U.S.C. § 3632(d)(4)(A). He remained incident-free, satisfying the "successful participation" requirement. Under the statutory formula, these activities entitle him to a minimum of ten (10) days of credit per thirty (30) days of participation, plus an additional five (5) days for maintaining a low recidivism risk level.

### D. The BOP's Failure to Award Credits Violates 18 U.S.C. §§ 3632(d)(4) and 3624(g)

The statutory scheme mandates that the BOP "shall" apply earned credits toward earlier placement in prerelease custody or supervised release once eligibility criteria are met. 18 U.S.C. § 3624(g). The BOP's refusal to count Petitioner's MDC time toward his FSA credits denies him the benefits Congress intended and unlawfully extends his incarceration.

### E. Liberal Construction of Pro Se Habeas Petitions Warrants Relief

Courts are required to liberally construe pro se habeas petitions to ensure that meritorious claims are not defeated by procedural or technical shortcomings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Even if the BOP were to argue that certain policies justify its exclusion of pre-designation time, this Court should resolve any ambiguity in favor of the prisoner, consistent with the remedial purpose of the FSA.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Petitioner has pursued the Bureau of Prisons' administrative remedy process to challenge the failure to award earned time credits for his confinement at MDC Brooklyn. This included submitting an informal resolution request (BP-8), a formal grievance to the Warden (BP-9), an appeal to the Regional Director (BP-10), and a final appeal to the BOP Central Office (BP-11). Each step resulted in denial of relief, with the BOP maintaining that FSA earned time credits do not accrue for inmates housed in pre-designation detention centers such as MDC Brooklyn.

Alternatively, to the extent any further administrative review remains, exhaustion should be excused as futile. Courts have recognized that exhaustion is not required where it would be futile or incapable of providing adequate relief. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993). Here, the BOP's categorical policy forecloses relief regardless of the individual merits of Petitioner's claim. Requiring further exhaustion would serve no purpose other than to delay judicial review and prolong unlawful incarceration.

Given the length of time Petitioner has already served and the mandatory nature of the statute once eligibility is established, immediate judicial intervention is warranted.

## VI. PRAYER FOR RELIEF

For the reasons stated above, Petitioner Arkadiy Khaimov respectfully prays that this Honorable Court:

1. **Issue a writ of habeas corpus** under 28 U.S.C. § 2241 directing the Bureau of Prisons to immediately recalculate Petitioner's sentence to include all First Step Act earned time credits for qualifying programming and work assignments completed during his confinement at MDC Brooklyn from December 21, 2020 through the date of his transfer to FCI Otisville;

2. **Order the Bureau of Prisons** to apply such recalculated credits toward Petitioner's release date and to place Petitioner in prerelease custody or supervised release at the earliest date authorized by law;

3. **Grant such other and further relief** as this Court deems just and proper, including costs and reasonable attorney's fees if applicable.

---

**VERIFICATION**

I, Arkadiy Khaimov, am the Petitioner in this action. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and that the facts stated therein are true and correct to the best of my knowledge and belief.

Executed on this 29 day of August, 2025, at FCI Otisville, Otisville, New York.

*[signature]*

Arkadiy Khaimov
Register No. 92361-053
Federal Correctional Institution Otisville
Two Mile Drive
Otisville, NY 10963

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September, 2025, I caused a true and correct copy of the foregoing Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, together with all

Notary Public: Jennifer Angell
Commission expires: 05/12/2029

*[Notary seal: JENNIFER ANGEL, STATE OF NEW YORK NOTARY PUBLIC, Qualified in Orange County, 01AN0037213, MY COMMISSION EXPIRES 05/12/2029]*

attachments, to be placed in the institutional mailing system at FCI Otisville, with first-class postage prepaid, addressed to the following:

**Clerk of Court**
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Warden**
FCI Otisville
Two Mile Drive
Otisville, NY 10963

**United States Attorney**
Southern District of New York
Attn: Civil Division
86 Chambers Street, 3rd Floor
New York, NY 10007

_____

Arkadiy Khaimov
Register No. 92361-053
FCI Otisville
Two Mile Drive

Case 1:25-cv-07645-UA   Document 1   Filed 09/11/25   Page 9 of 9





FROM: Arkady Khaimov 92361-053
FCI Otisville Satellite Camp
P.O Box 1000
Otisville, NY 10963

TO: United States District Court
300 Quarropas Street
White Plains, NY 10601

RECEIVED
SEP 11 2025
PRO SE OFFICE

U.S. POSTAGE PAID
OTISVILLE, NY 10963
SEP 09, 2025
$0.00
R2305M146583-1

USPS TRACKING #
9488 8090 0027 6234 4322 69